**IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**GGNSC HOLDINGS, LLC, et al.**                                                    **PLAINTIFFS**

**v.**                                     **Case No. 1:14-cv-00003-KGB**

**YURI SHEARER, AS SPECIAL ADMINISTRATOR**                              **DEFENDANT**
**OF THE ESTATE OF ALMA M. SHEARER**

<u>**OPINION AND ORDER**</u>

Plaintiffs ("GGNSC") are unincorporated limited liability companies that collectively operate a nursing home in Arkansas.  Plaintiffs filed this action to compel defendant Mr. Yuri Shearer, special administrator of the estate of Ms. Alma M. Shearer, to arbitrate claims brought by Mr. Shearer in the Circuit Court of Ouachita County, Arkansas.  Mr. Shearer has filed suit in state court against GGNSC and others in a pending putative class action.  Although the state court action commenced on June 3, 2011, Mr. Shearer did not appear in the state court action until September 9, 2013, when he and 44 other putative class representatives filed amended pleadings in the state court proceedings (Dkt. No. 1, p. 16).  Here, GGNSC claims that Mr. Shearer, on behalf of the Estate of Alma Shearer, breached an arbitration agreement between GGNSC and Alma Shearer by filing suit against GGNSC in state court.  GGNSC brings this diversity action pursuant to 28 U.S.C. § 1332(a)(1) and asks this Court to enforce its arbitration agreement with Ms. Shearer under the Federal Arbitration Act, 9 U.S.C. § 4 (Dkt. No. 1).

Before the Court is defendant's motion to dismiss plaintiffs' complaint to compel arbitration (Dkt. No. 8).  Defendant moves to dismiss plaintiffs' complaint to compel arbitration pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Alternatively, defendant requests this Court to abstain from hearing plaintiffs' action to compel arbitration, relying on *Colorado River Water Conservation District v. United*

*States*, 424 U.S. 800 (1976).   Moreover, defendant provided the Court with supplemental authority in support of defendant's motion to dismiss (Dkt. No. 11).  Plaintiffs have responded to defendant's motion to dismiss (Dkt. No. 10) and to defendant's supplemental authority (Dkt. No. 12).

For the following reasons, the Court denies Mr. Shearer's motion to dismiss pursuant to Rule 12(b)(1).  Furthermore, the Court denies Mr. Shearer's motion pursuant to *Colorado River* abstention insofar as it requests the Court to dismiss this case (Dkt. No. 8).  On its own motion, the Court will stay this action according to *Colorado River* abstention until resolution of the pending appeal of the state court decision in GGNSC Holdings, LLC, et al. v. Kathryn S. Chappel et al., CA 14-138.

## I.    Background

Plaintiffs in this action include GGNSC Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; Golden Gate Ancillary, LLC; Golden Gate National Senior Care, LLC; and GGNSC Equity Holdings, LLC.   These companies operate nursing homes in Arkansas.  GGNSC Heber Springs, LLC (D/B/A Golden LivingCenter-Heber Springs) is also a plaintiff in this action.  Collectively, all plaintiffs in this action ("GGNSC") operate a nursing home in Heber Springs, Arkansas.

The sole member of GGNSC Heber Springs, LLC is GGNSC Equity Holdings, LLC. The sole member of GGNSC Equity Holdings, LLC and GGNSC Clinical Services, LLC is Golden Gate National Senior Care, LLC.  The sole member of Golden Gate National Senior Care, LLC; GGNSC Administrative Services, LLC and Golden Gate Ancillary, LLC is GGNSC Holdings, LLC.  The sole member of GGNSC Holdings, LLC is Drumm Corporation.  Drumm Corporation is a citizen of the State of California and the State of Delaware.

Defendant Yuri Shearer is the duly-appointed special administrator of the estate of Alma M. Shearer. Alma M. Shearer was a resident of GGNSC Heber Springs in Heber Springs, Arkansas, from 2006 to 2011. Based upon all documents before the Court, Mr. Shearer is a citizen of Arkansas.

On June 3, 2011, Kathryn Chappel, who is not a party to this action, filed a complaint as the special administrator of the Estate of W.C. Chappel in the Circuit Court of Ouachita County, Arkansas against certain parties to this action, including Golden Gate National Senior Care, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; Golden Gate Ancillary, LLC; and GGNSC Equity Holdings, LLC. Additionally, Ms. Chappel's original state court complaint named as defendants GGNSC Camden, LLC and three individuals who were members of the governing body of GGNSC Camden, LLC, including one Arkansas resident. Ms. Chappel's complaint sought relief for the wrongful death of W.C. Chappel and alleged claims of negligence, breach of contract, and violations of the Arkansas Long-Term Care Facility Resident's Rights Act.

On December 19, 2011, Ms. Chappel and seven others filed an amended complaint and class action complaint as putative class representatives against the original state action defendants and 33 newly named defendants, including GGNSC Heber Springs, LLC (Dkt. No. 10-1). This amended complaint and class action complaint did not list Mr. Shearer, defendant here, as a class representative. On December 20, 2012, the state court plaintiffs filed a motion for class certification, and on February 28 and 29, 2012, the GGNSC state court defendants filed motions to compel five of the putative class representatives to arbitrate their claims. The state court held a hearing on June 6, 2013, over the state court plaintiffs' motion for class certification and GGNSC's five motions to compel arbitration (Dkt. No. 8-3). At the June 6, 2013, hearing,

the state court expressed intent to grant the motion for class certification.  Accordingly, the Ouachita Circuit Court asked the state court plaintiffs to narrow the parties and issues through amended pleadings and to draft an order certifying and defining the proposed class (see Dkt. No. 8-3, pp. 97-100).  The state court heard arguments on the motions to compel arbitration and ordered additional discovery related to the motions.

Mr. Shearer joined the state court action on September 9, 2013, when he and 44 other putative class representatives filed a second amended complaint and first amended class action complaint (Dkt. No. 1, p. 16).  The state court plaintiffs filed an amended motion for class certification in state court on November 12, 2013.  GGNSC—plaintiffs here and a subset of the state court defendants—filed this federal action against Mr. Shearer on January 7, 2014, to compel arbitration of Mr. Shearer's state court claims (Dkt. No. 1).

On January 30, 2014, the Arkansas Circuit Court entered an order denying the GGNSC state court defendants' motions to compel arbitration of five putative class representatives, which GGNSC had filed in February 2012.  GGNSC appealed this order to the Arkansas Court of Appeals, and the Arkansas Supreme Court granted a motion to transfer the appeal to the Arkansas Supreme Court, where the parties have submitted briefs and await oral argument.  On February 13, 2014, the Arkansas Circuit Court held a hearing over the amended motion for class certification.  To the knowledge of this Court, the Arkansas Circuit Court has not entered a formal written order certifying the proposed class action.  The Arkansas Circuit Court's oral order at the June 6, 2013, hearing is the only indication to this Court of the state court's intent regarding class certification.

As stated above, GGNSC claims this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and asks this Court, pursuant to 9 U.S.C. §4, to compel

arbitration of Mr. Shearer's claims against GGNSC (Dkt. No. 1).   Before the Court is defendant's motion to dismiss plaintiffs' complaint to compel arbitration (Dkt. No. 8).   Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant moves this court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction.   Alternatively, defendant requests the Court to abstain from hearing this action, relying on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## II.    Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and have the power to hear only those cases that they have been authorized to hear by Congress or the Constitution.   *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).    "[T]he party invoking federal jurisdiction bears the burden of establishing its existence."   *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).   To dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.   In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."   *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."   *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

The Court construes Mr. Shearer's motion as a facial challenge to jurisdiction and accepts as true GGNSC's factual allegations concerning jurisdiction as stated in the complaint to compel arbitration.

Section 4 of the Federal Arbitration Act ("FAA") grants limited federal court jurisdiction:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement….

9 U.S.C. § 4.  "Thus, the FAA 'bestow[s] no federal jurisdiction but rather require[es] an independent jurisdictional basis.'"  *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)).   Because plaintiffs petition this Court under the FAA to compel arbitration of defendant's claims, plaintiffs must establish an independent basis for federal court jurisdiction. Accordingly, plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity, meaning "all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Generally, a limited liability company is a citizen of any state where one of its members is a citizen.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).   Defendant asserts that the Class Action Fairness Act ("CAFA"), which uses a different rule for determining citizenship of unincorporated associations, applies to this case. Instead of determining the citizenship of an unincorporated business based on its members' citizenship, CAFA establishes that an unincorporated business, including a limited liability

6

company, is a citizen of the state where its principal place of business is located.  28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *Gillespie et al. v. Benton Investments & Assocs.*, Case No. 4:12-cv-00288-BSM (E.D. Ark. Nov. 2, 2012) (order granting motion to remand).

CAFA grants federal district courts original jurisdiction over class actions which, among other things, have an amount in controversy exceeding $5,000,000, meet minimal diversity requirements, and have a proposed class of at least 100 members.  *See* 28 U.S.C. § 1332(d); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013).  CAFA applies when a proposed class seeks federal court jurisdiction originally or when a party seeks to remove a proposed class action to federal court.  *See* 28 U.S.C. § 1332(d)(2); *Raskas*, 719 F.3d at 886. Neither instance exists here, nor has Mr. Shearer presented any authority directing this Court to assert jurisdiction under CAFA.  GGNSC filed its complaint to compel arbitration against Mr. Shearer alone, and as Mr. Shearer recognizes in his motion to dismiss, GGNSC does not seek removal of a proposed or existing class action to this Court (Dkt. No. 8, at 4).  Therefore, CAFA does not apply to this action, and the traditional rule for determining citizenship of an unincorporated business governs the jurisdictional dispute before this Court.

Plaintiffs' complaint to compel arbitration alleges, and this Court accepts as true, that the amount in controversy exceeds $75,000 and that all plaintiffs are citizens of California and Delaware.  Defendant does not dispute the amount in controversy or plaintiffs' citizenship. Furthermore, based on all documents before the Court, defendant is a citizen of Arkansas. Therefore, complete diversity exists, and this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

### III.     Motion To Dismiss Based On *Colorado River* Abstention

Mr. Shearer argues that the Court should abstain from asserting its jurisdiction over this case under principles outlined by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

The Supreme Court has emphasized that "federal courts have a 'virtually unflagging obligation … to exercise the jurisdiction given them.'" *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colo. River Water*, 424 U.S. at 817). The general rule provides that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River*, 424 U.S. at 817 (internal quotation marks omitted). Nonetheless, in certain exceptional circumstances, federal courts may dismiss a federal suit because of the presence of a concurrent state proceeding for reasons of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (internal quotation marks omitted). These exceptional circumstances allowing a federal court to dismiss its suit because of a concurrent state proceeding "are considerably more limited than the circumstances appropriate for [other forms] of abstention." *Id.* at 818. Thus, "only the clearest of justifications will warrant dismissal." *Id.* at 819.

### A.     Parallel State And Federal Court Proceedings

As a threshold matter, for *Colorado River* abstention to apply, "there must be pending parallel state and federal court proceedings." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). In the Eighth Circuit, "[t]he pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient" for parallelism. *Id.* Instead, "substantial similarity [must] exist[] between the

state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Const. Corp.*, 574 F.3d at 535 (emphasis in original) (citing *TruServ Corp. v. Fiegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)).  Furthermore, "[t]his analysis focuses on matters as they currently exist, not as they could be modified," and "jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.* (citing *Baskin v. Bath Tp. Bd. Of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994); *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).  In deciding whether a concurrent state court proceeding will fully dispose of federal court claims, courts compare the issues in the federal action to the issues the parties have initiated or litigated in the state court.  *See TruServ Corp.*, 419 F.3d at 592; *AAR Int'l, Inc.*, 250 F.3d at 520; *Baskin*, 15 F.3d at 572; *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, 851 F.Supp.2d 1281, 1288-89 (D. N.M. Oct. 31, 2011).

In this case, the state and federal proceedings involve the same parties:  Mr. Shearer and GGNSC.  Additionally, both the state and federal court proceedings involve a dispute over the validity of arbitration agreements between GGNSC and former nursing home residents. Furthermore, GGNSC's claim in federal court, that an enforceable arbitration agreement exists between GGNSC and Mr. Shearer, is also asserted by GGNSC in the Ouachita County Circuit Court case as an affirmative defense (see Dkt. No. 10, p. 11).  Thus, the state court will likely resolve the issue of whether Mr. Shearer's state court claims must be arbitrated.

This Court recognizes that pleading the arbitration agreement as an affirmative defense does not require GGNSC to file a motion to compel arbitration in the state court; rather, the FAA gives parties the option of filing a motion to compel arbitration in either state or federal court.  9 U.S.C. §4.  Nonetheless, the state court will likely dispose of GGNSC's arbitration defense either

9

on the merits or because GGNSC will have waived the defense.  That GGNSC might choose to waive the defense in state court does not change the fact that the claim asserted here is exactly the same as the affirmative defense asserted in state court.  Because the claim in this Court is the same as the defense in state court, the state court action is likely to dispose fully the arbitration defense either on a motion to compel arbitration or in virtue of GGNSC's procedural default on the claim.

GGNSC contends that the proceedings are not parallel since the five arbitration agreements on which the state court ruled did not include Alma Shearer's arbitration agreement with GGNSC (Dkt. No. 8-5).  GGNSC also argues that parallelism is lacking because Mr. Shearer joined the state action after GGNSC filed its five motions to compel arbitration in state court and because no certified class existed at the time the state court ruled on these motions. Nonetheless, as noted above, the state court proceeding decided substantially similar, if not identical, issues to the one before this court—the enforceability of GGNSC arbitration agreements with nursing home residents.  Although the state court has not entered a formal order certifying the class action, it expressed its intent to do so.  Further, because the state court intended to certify the class, it directed the state court plaintiffs to amend their pleadings to allow certification.  These amended pleadings brought Mr. Shearer into the state court action.

Moreover, the validity of any arbitration agreement turns on general state contract law. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004) (citing *Dobbins v. Hawk's Enterprises*, 198 F.3d 715, 717 (8th Cir. 1999)).  And although courts "examine arbitration agreements on a case-by-case basis," *id.*, the five arbitration agreements before the Arkansas Supreme Court are identical to the one Ms. Shearer signed.  Therefore, the state court's ruling on GGNSC's other motions to compel arbitration—and the Arkansas Supreme Court's potential

determination on that issue—will not only be instructive, but also likely determinative as to how Arkansas contract law effects Ms. Shearer's arbitration agreement. Accordingly, the state court proceedings likely will fully dispose of GGNSC's complaint in this Court to enforce her arbitration agreement with GGNSC.

As the cases discussed above demonstrate, this Court's duty is to compare the state and federal proceedings as they currently exist. Again, as the proceedings currently exist, GGNSC has raised the issue of Ms. Shearer's arbitration agreement in the state court action, to which Mr. Shearer is a party in a pending class action. Furthermore, the state court proceedings are considering the enforceability of GGNSC arbitration agreements, which are identical to Ms. Shearer's, as a matter of Arkansas contract law. Because of these facts, the Court finds that the state and federal proceedings are parallel. Accordingly, the Court next evaluates whether it should abstain under the remaining *Colorado River* factors.

### B.    *Colorado River* Factors

When the federal and state proceedings are parallel, *Colorado River* and *Moses H. Cone* instruct a district court to consider six non-exhaustive factors for determining whether "exceptional circumstances warrant abstention." *Fru-Con Const. Corp.*, 574 F.3d at 534; *see also Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006). These factors include:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru-Con Const. Corp.*, 574 F.3d at 534 (quoting *Mountain Pure, LLC*, 439 F.3d at 926). Courts must "pragmatically apply [these factors] to advance the 'clear federal policy' of avoiding piecemeal adjudication." *Mountain Pure, LLC*, 439 F.3d at 926 (quoting *Moses H. Cone*, 460 U.S. at 16, 21). Nevertheless, the balance should be "weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. A court's task in applying these factors "is not to find some substantial reason for the exercise of federal jurisdiction," but rather "to ascertain whether there exist 'exceptional' circumstances … to justify the *surrender* of that jurisdiction." *Id.* at 25-26 (emphasis in original).

Here, the parties agree that the first two factors, property at issue and convenience of forum, are not implicated and do not weigh in favor of or against abstention. *But see Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (holding the absence of any property at issue supports exercising federal jurisdiction).

As for the third factor, "'piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" *Nabholz Const. Corp. v. Beck*, 699 F.Supp.2d 1101 (E.D. M.O. 2010) (quoting *LaDuke v. Burlington N.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). Considering *Colorado River*'s policy for "wise judicial administration" and "conservation of judicial resources and comprehensive disposition of litigation," courts have given the greatest weight to avoiding piecemeal litigation. *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coop., Inc.*, 48 F.3d 294, 297-98 (8th Cir. 1995) (internal quotation marks omitted); *see also Insurance Co. of the State of Penn. V. Syntex*, 964 F.2d 829, 834-35 (8th Cir. 1992) (dismissing federal action that involved an insured against one insurer under *Colorado River* in favor of "concurrent comprehensive state court litigation," which

involved all insurers).  In *Federated Rural*, the Eighth Circuit pronounced a policy favoring the most inclusive concurrent proceeding.  48 F.3d at 298.

Here, GGNSC is a defendant in a pending putative class action involving Mr. Shearer and numerous other plaintiffs.  The concurrent state court action has already considered and denied five motions to compel arbitration of agreements that are substantially similar, if not identical, to Ms. Shearer's arbitration agreement (Dkt. No. 1, p.4; No. 8-5).  Furthermore, the state court's reasoning for its order rests on language in the arbitration agreements identical to that in Ms. Shearer's agreement (Dkt. No. 1, p. 4; No. 8-5).  The state court's order did not depend on facts specific to the individual putative plaintiffs who entered into the arbitration agreements.  GGNSC has appealed the state court's denial of these five state court motions to compel arbitration to the Arkansas Supreme Court.  The Arkansas Supreme Court's decision on the enforceability of these five arbitration agreements likely will resolve any issues surrounding Ms. Shearer's agreement and the agreements of other putative class members in the state court action.  To litigate Ms. Shearer's arbitration agreement in this Court and at this moment would create the possibility for diverging interpretations between this Court and the state court action; this would result in piecemeal litigation and waste judicial resources, which the state court has already expended to resolve these issues.  Overall, the third factor weighs in favor of abstention.

The Court notes the Supreme Court's statement that the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement," and therefore, a decision over a motion to compel arbitration "in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes."  *Moses H. Cone*, 460 U.S. at 20.  Nevertheless, this case presents a different issue.  Here, because a class action is pending before the state court, determination of Ms. Shearer's arbitration agreement in this Court would encourage piecemeal

resolution of the larger class claims, a result far outside of the FAA's requirement of piecemeal resolution of one individual's agreement.

The fourth factor considers which case has priority.  In *Moses H. Cone*, the Supreme Court held that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  460 U.S. at 21. Additionally, "priority of filing includes [the federal] plaintiff's choice of forum."  *Fru-Con Const. Corp.*, 574 F.3d at 539-40.  The pending state action commenced on June 3, 2011. Although Mr. Shearer did not join in the state action until September 9, 2013, when the putative class members filed an amended complaint, that amended complaint was filed at the direction of the state court to satisfy the state court's requirements for class certification, after the state court announced orally its intent to certify a class.  GGNSC filed its complaint to compel arbitration against Mr. Shearer in this Court on January 7, 2014

The state court proceedings not only began before the federal proceedings but have also progressed for over three years longer than the federal proceedings.  The issue of enforceability of GGNSC's arbitration agreements has been argued and ruled upon in the state trial court and is currently before the Arkansas Supreme Court.  Further, because the issue of enforceability of these agreements is a matter of Arkansas contract law, and the Arkansas Supreme Court's decision on these agreements likely will determine the enforceability of Ms. Shearer's identical agreement, the state court proceedings are closer to resolving the dispute between GGNSC and Mr. Shearer over Ms. Shearer's agreement.  Therefore, the state court proceedings have progressed substantially more than the federal proceedings, and this factor weighs in favor of abstention.

As for the fifth factor, whether state or federal law controls, the Eighth Circuit maintains that "presence of state law issues [in federal court] will weigh in favor of abstention only in rare circumstances." *Fru-Con Const. Corp.*, 574 F.3d at 539 (internal quotation marks omitted). Moreover, "difficulties and perplexities of state law are no reason for referral of the problem to the state court." *McNeese v. Bd. Of Ed. For Cmty. Unit Sch. Dist. 187, Cahokia, Ill.*, 373 U.S. 668, 673 n.5 (1963); *cf. Colo. River*, 424 U.S. at 816 ("[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction.").

The FAA creates "a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," *Moses H. Cone*, 460 U.S. at 25 n. 32, but the validity of an arbitration agreement turns on general state contract law. *Faber*, 367 F.3d at 1052. The Supreme Court has stated that "the source-of-law factor has less significance … since the federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts." *Moses H. Cone*, 460 U.S. at 25. GGNSC's action to compel arbitration turns on Arkansas contract law issues. Moreover, GGNSC admits that the state court proceedings are in the process of interpreting and applying Arkansas contract law to others' arbitration agreements with GGNSC (Dkt. No. 10, p.12).

Although the presence of state law issues in federal court will favor abstention "only in rare circumstances," *Fru-Con Const. Corp.*, 574 F.3d at 539, GGNSC's five motions to compel arbitration before the Arkansas Supreme Court are identical to Ms. Shearer's, and the state court proceedings' resolution of those motions likely will bear directly on the enforceability of Ms. Shearer's agreement. While difficult issues of state law are generally insufficient reasons to abstain, the convergence of difficult state law issues here with the fact that the Arkansas

Supreme Court will decide those issues as part of the concurrent putative class action in state court presents a "rare circumstance" supporting abstention. Nonetheless, weighing state and federal courts' concurrent jurisdiction over the FAA with the importance of state law issues in this case and their eventual resolution in the concurrent state court proceedings, this factor is at the very least neutral in regard to *Colorado River* abstention.

The sixth factor "counts for or against abstention and dismissal only where one of the forums is *inadequate* to protect a party's rights." *Fru-Con Sconst. Corp.*, 574 F.3d at 539 (emphasis in original) (internal quotation marks omitted). Here, both this Court and the Ouachita County Circuit Court are adequately equipped to protect the parties' rights regarding the complaint to compel arbitration. As discussed above, state and federal courts have concurrent jurisdiction to enforce the FAA. *See Moses H. Cone*, 460 U.S. at 25. Therefore, this factor does not weigh in favor of abstention.

The Court has weighed the *Colorado River* and *Moses H. Cone* factors, finding that the overall balance weighs in favor of abstention. Considering that the concurrent state court proceedings, to which Mr. Shearer is a party, involve a pending putative class action; that the Arkansas Supreme Court, as a part of the concurrent state action, is currently deciding the enforceability of arbitration agreements with GGNSC that are identical to Ms. Shearer's agreement; and that the state proceedings have progressed for over three years, the Court finds that this case poses substantial risks of piecemeal litigation, inconsistent rulings by federal and state courts over an unsettled matter of state law, and an extensive waste of judicial resources. Therefore, this case presents exceptional circumstances warranting abstention.

As this matter currently stands, this Court abstains from progressing any further on GGNSC's motion to compel arbitration of Mr. Shearer's claims. Nonetheless, the Court does

not dismiss this action; instead, the Court stays this proceeding and retains jurisdiction, pending the resolution of the concurrent state court proceedings. *See Cigna HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849 (7th Cir. 2002) ("[A] stay permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end. A stay had the additional advantage of bringing the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions." (internal quotation marks omitted)).

### IV.    Other Matters

#### A.    Issue Preclusion

When considering the matters relevant to this Court's jurisdiction, the Court has not independently considered the argument that issue preclusion prevents this Court from hearing GGNSC's complaint to compel arbitration. Mr. Shearer, in his motion to dismiss, argues that the state court's ruling over GGNSC's five state court motions to compel arbitration precludes litigation in this Court over Mr. Shearer's arbitration agreement (Dkt. No. 9, p. 10). Although the Court notes Mr. Shearer's argument, the Court does not deem it relevant to the Court's determination in this order.

Further, this Court counsels that federal courts have hinted at the impropriety of deciding *res judicata* or issue preclusion matters when deciding motions to dismiss. *See Hansen v. Dohmen*, 4:07CV3159, 2008 WL 2020343 (D. Neb. May 7, 2008). This type of argument may be better suited for the summary judgment stage.

#### B.    Supplemental Authority

On March 17, 2014, Mr. Shearer filed supplemental authority in support of his motion to dismiss (Dkt. No. 11). The supplemental authority is a recent case, *Pine Hills Health and Rehabilitation, LLC v. Matthews*, 2014 Ark. 109, in which the Arkansas Supreme Court held an

arbitration agreement was unenforceable because no testimony existed evidencing assent to the agreement. *See* 2014 Ark. 109, at 8. In his motion to supplement authority, Mr. Shearer argues that "Plaintiffs' Complaint fail[s] to state a claim and the Complaint should be dismissed." (Dkt. No. 11, p.2). Plaintiffs filed a response to defendant's supplemental authority in support of motion to dismiss (Dkt. No. 12). Plaintiffs argue that the supplemental authority is irrelevant to Mr. Shearer's pending motion to dismiss because that motion argues lack of jurisdiction and abstention, not the enforceability of the parties' arbitration agreement.

GGNSC's argument is persuasive. First, Mr. Shearer's motion to dismiss and his brief in support focus exclusively on subject matter jurisdiction and *Colorado River* abstention. Nowhere in Mr. Shearer's motion to dismiss or his brief in support does he characterize his motion as one filed under Rule 12(b)(6). Therefore, although the Court has reviewed the supplemental authority, the Court does not deem it relevant to the legal issues currently before the Court.

## V.      Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction (Dkt. No. 8). Furthermore, the Court denies defendant's motion pursuant to *Colorado River* abstention insofar as it requests the Court to dismiss this case (Dkt. No. 8). On its own motion, the Court will stay this action according to *Colorado River* abstention until resolution of the pending appeal of the state court decision in GGNSC Holdings, LLC, et al. v. Kathryn S. Chappel et al., CA 14-138. The parties are directed to file with this Court status reports within 15 days of the issuance of the Arkansas Supreme Court's decision in GGNSC Holdings, LLC, et al. v. Kathryn S. Chappel et al., CA 14-138.

SO ORDERED this 30th day of September, 2014.

Kristine G. Baker
United States District Judge